173179 and Kerry Keppel. We're ready to hear the case then. My name is Paige Nichols. I'm here on behalf of the appellant, Mr. Michaelis. I'd like to address three questions. First is the legal question. Does a district court have authority to impose a special condition of supervised release as a rule in all cases? The second one is the factual question. Is that what the district court did here? And the third one is the big question of whether we can meet all four prongs of plain error here. So I'd like to just walk through those in order. And I think the answer to the first question is easy. No, a district court may not simply decide that it's going to impose a special condition of release in all cases. The statute, and that's 3583 subsection D, is clear. There are mandatory conditions of release, and there are discretionary conditions of release. Discretionary conditions have to meet certain requirements. Those requirements are related to the individual defendant. It's amazing how you guys just do this transition from one case to the other without even – my mind's a little less disciplined, I guess. Maybe I'd like to focus it a bit. Which case are we on here now? This is the counterfeit securities case? This is – yes. And this is the case where Judge Melligren said, and finally, as I do in all cases, I'm authorizing a condition of surgency. So what's the squawk of this case? What are we supposed to decide? In this case, the court has to decide whether a district court can, on its own, decide to impose a special condition of release in all cases. Well, the first question to me is, what's our standard of review? Are you agreeing that it's plain error in all of these issues? Oh, yes. All right. I want to be sure. Yes. This is another one of those supervised release cases where there was no objection made in the district court, unfortunately. And the reason we're here on this particular case is because the judge made his reasoning so plain. I'm doing this because I do it in all cases. Was that really – or is it just in-app language of a judge trying to be nice and says a few – too many words? And you're just going to hold him to buy gum. You said it, and I'm going to lock you in concrete and tie you up in steel, and you can't budge. The reason I think it's clear that the court was stating I do this in all cases and meant that is because there were several other conditions, special conditions of release that the court walked through and made case-specific findings on. And so in the context of the whole transcript, it becomes clear that the court says in the first several, I am imposing this because of this defendant's history and this because of this defendant's behavior. And finally, as I do in all cases, I'm imposing this search condition. And so it stands out as – Wait a minute, counsel. Yes. You're arguing that what sinks this case in your favor is that he added a phrase that says in all cases. Yes. Now, before you can get there, don't we have to look at the sentencing statements as to what he could behold as to each one of these? And if in reading that overall, even though he may have said in I do this in all cases, the record supports granting the condition that he did? Well, this is – No, no. Is that my – isn't that what we have to do? Even though he may have misspoke, if the record supports that issuance of that condition, you lose, don't you? Not in this exact case. If your argument is that by stating those three or four words, no matter what the record says or what the record shows insofar as to whether or not there was a basis for that condition to be granted, your argument is you win, right? My argument is if the district court – What's so hard about my question that you don't understand? Why don't you want to answer? No, I want to answer. I want to answer. I want to make sure that I absolutely understand it. I think Your Honor is directing me towards prongs three and four of the plain error test, and I admit that – I'm not directing you. All I'm asking you is your argument is because of that phrase alone. Yes. Yes. That that condemns this whole sentence in regards to whether or not the condition is applicable under the facts. He was wrong, and you win. Yes. All right. Now, I want to just follow up on what my colleague just asked me. Why isn't it just – it may be error, but why isn't it harmless error if, in fact, under the parameters of Judge Baldock's question, he otherwise qualified for the imposition of that condition? So the question is whether the court would have imposed – Well, you're going to restate my question like the politicians do, but you've got to answer our questions the way we ask them. Sure. Okay. The reason is that this court – that the district court took care to link the other conditions to the case and the defendant. If he took that care here, he would have determined that while the defendant's criminal history was significant, it was condensed to a particular period of time. He'd been clean for two years. There were other – So then your answer to Judge Baldock's question was a little different than the way you articulated it. What you're arguing is that even though he qualified under the facts of this case for the imposition of that condition, that it should not have been administered anyway and that this other language doesn't really matter? Is that what you're saying? Or what are you saying? When Your Honor says this other language? In all cases. In all cases. Right. So if a court imposes it in all cases, then the court's not walking through those three statutory requirements for the conditions. So my position – So can we review it without those – that in the record? Oh, I think we can take the judge as his word. And we can see how the judge treated the other special conditions. Well, it's not just that you're taking it at his word. The record in this case shows that he didn't consider the specifics of this case. Right. And that's where the plein air is. But I've got a real problem on the third problem. Right. Can you convince me that there's any chance the judge, if he had looked at the specifics of this case, would not have imposed that condition? Probably the best chance that he would not have imposed it, and the reason it's likely he would not have imposed it is on that second requirement that the condition must be no greater than necessary. So there were other conditions that allowed – that required the defendant to be truthful in his responses to the probation officer, to report, of course, to allow the probation officer in whenever he showed up. This guy didn't require belt and suspenders? That's what you're saying. But there was – with this guy, you would want to do everything possible to keep him on the straight and narrow. He looked like a difficult dude. Sure. But it still has to be no greater – Sure. But no greater than necessary, you seem to be saying, look, he's wearing a belt. His pants are going to stay up. And we're saying, given his behavior, we better have a little more protection, as much protection as we can get. Well, we could also chain him to his radiator, but that would be greater than necessary. So I also just want to point out that this particular – Counsel, as a matter of public record, when you go back and look at some of the sentences, I believe in Colorado, a very similar condition to this that was imposed in the Colorado cases, wasn't it? I'm sorry, in the what case? Your case. You're a defendant. Isn't that – I may have misspoken. In Mr. Michaelis' case or in the case preceding this one? No. I'm just thinking what the argument was. Never mind. Go ahead. I don't want to – Well, I did want to point out that the condition imposed by Judge Milgren is actually even broader than the condition that appears in the guidelines and in the statutes, because it included searches not only of your person, your vehicle, your belongings, but your place of employment. I found where I was, Counsel, and I am speaking of your client in regards to convictions in Colorado. Yes. And in those convictions, he had similar conditions imposed as what's in this case. Do you agree with that? I can't. Or do you know? I can't answer it off the top of my head. Okay. Well, I'm just telling you that at least in one, he has a very similar condition. A search on reasonable suspicion condition? Yes. So the – So why is he unexpected that it might be given in this case? So as I noted, this condition is broader. It includes his place of employment. It doesn't have a nexus between the reasonable suspicion and the place to be searched. And so, again, I want to just kind of focus in, again, on that no greater than required. And that's the reason, I think, that – You had started to say how the condition he imposed was beyond what was recommended in the guidelines. And what was the additional – The – that the search apply – that the – he has to allow the searches not only of his home and his car, his belongings, but also his place of employment. And that is not in the statute or the guideline special search condition. So back to whether the court can turn a special condition into a mandatory condition, I just wanted to especially refer the court to the Souser case because the court was pretty clear in that case that doing that is contrary to the statute, because the statute makes it clear that special conditions have to meet these certain requirements. But jumping back to the – would the court have been likely to impose something less than this particular search condition had he made the findings? Also, the third requirement is that it be consistent with the Sentencing Commission's policy statements, which, again, recommend this condition for sex offenders, which our client is not. And so we argue as well that it's not consistent with that policy statement, especially since those findings were not made. And I'll reserve my time unless there are other questions. Thank you. May it please the Court. Carrie Capwell for the government. Here the defendant cannot establish plain error. There simply was no error. The judge gave a generalized statement for the special condition of supervised release, the search condition, when he stated that it was necessary to ensure compliance and also for the probation officer's safety. And those reasons are well-founded in this record. And this record has to be viewed in its totality, and everything has to be taken in context. And the district court judge made clear, and I believe he used the words that he was astonished by this defendant's criminal history, because this defendant had 29 criminal history points. And as the district court pointed out, that was more than twice what was necessary to even fall into criminal history category 6, which is the highest level. So the district court took into account very carefully and was very aware of this defendant's and the special conditions here. The district court was also aware and made clear in the same discussion of the number of criminal history points that this defendant had. The district court said that that was pertinent to fashioning a sentence, and that was at page 55 of the sentencing transcript. So the district court took into account criminal history when imposing sentence and the special conditions of supervised release. The district court noted that this defendant had gone on a crime spree. So even though this defendant was young, as the district court noted, he had amassed all of these criminal history points in less than three years. And the defendant himself admitted during the sentencing that his sense of right and wrong had flipped away from him because of alcohol abuse and abuse of drugs. We made a good argument on third prong. I want to challenge you a little bit on whether there was error or plain error. The statements that the judge made related to the sentence in its entirety, and the judge addressed the propriety of the other special conditions. Did he not? Yes. He made statements as to each special condition. On this one, though, he didn't give any explanation with respect to this specific condition, except to say, as I always do. And doesn't that tell us that the judge didn't, clearly in his mind, but in terms of imposing that condition, he was not considering all those things. Now, if he had, I don't have any question of what he would have done, but on its face, isn't that plain error? Well, no, Your Honor. And because the district court actually said that he was imposing the special condition, the search condition, to verify compliance with the conditions of supervision and to ensure the probation officer's safety. But he said he does that for every defendant. Didn't he say, as I do with every defendant? As I do in all cases, I'm going to impose a search condition. And then he said to verify compliance and for the probation officer's safety. So he gave reason to impose the search condition here. But when he says those conditions are always satisfied, doesn't that tell you he didn't make a specific he didn't specifically consider the factors in this case? Your Honor, I guess that is a permissible reading of what the district court said. I'm not sure that we can assume that he always ties the, to verify compliance and probation officer's safety with the search condition. Here the record supports that those two reasons are in fact justified and warranted based on his criminal history, his inability to follow court rules and to be under supervision. The PSR, when it ran through his criminal history, there were so many failures to appear, probation revocations. I mean, they were replete. But those don't necessarily relate to the questions about this particular condition. It seemed to me what did is he imposed conditions about no use of alcohol, no use of drugs, no possession of those items. So it's rational that he would have this condition in order to monitor the other conditions, correct? That is correct, Your Honor. And I believe this has to be viewed holistically because the district court was aware and from what the defendant had shared with him that the alcohol abuse, the substance abuse in general contributed to this crime spree. And so it would make sense that in order to deter the defendant from committing future crimes, he would want a search condition and he would want the probation officer to be able to go in there based upon reasonable suspicion to ensure that the conditions of supervised release aren't being violated by this defendant. And the district court here had reason to want that extra supervision and deterrence. And the district court in discussing the 3553A factors and discussed deterrence, promoting respect for the law, protecting the public, and also this defendant's rehabilitation, in that discussion said supervision will assist with all of this. And also stated, I believe this is page 68 of the transcript, that supervision would allow the defendant to successfully reintegrate into society. So the district court, the record shows, and I guess this goes primarily to prong 3 of the Plain Air analysis, that if you look at the record, that search condition is more than justified based on all the 3553A factors that come into play. And it also does not exact a greater deprivation of liberty than what is required. The condition here has to be based on reasonable suspicion. So it's not an anytime you want. It's reasonable suspicion. And it also is limited in that it has to take place, the search, at a reasonable time and in a reasonable manner. Kennedy. Now, if you were writing the opinion in this case, assuming we were to affirm, would you put in some oratory language in the opinion, say, Judge, don't go around saying stuff like that? Well, I'm not going to presume to give you advice on how to write your opinion. That last phrase might vary a little. But is that enough? I think we wouldn't be here. I think defense counsel conceded as much. We wouldn't be here if that statement hadn't been made, because it's clear here that that condition is warranted based on all the facts in this case and the record here. And that's how this case should be viewed in context, not just viewing that one statement in isolation. If the panel has no further questions, I will take my seat and ask you to affirm. Thank you for exceeding 7 minutes and 32 seconds. I'm giving you back the time from my last argument. You're running an aggregate clock. You're doing very well. Thank you. Thanks. I think the government has just asked this court to make the findings that the district court decided not to make, because it imposed the condition, as it does in all cases. I don't think that's appropriate. I think anything else I say would probably be repetitive of what I've already said. If there are no questions. I'm not sure I understood that latter point. Make your point. So I understand that we have some difficulty showing that the Court likely would not have imposed the condition, although I argue that. He would not have imposed it as broadly as he did. The government has pointed to places in the record that might support the condition, but I think the government is asking this court to make the findings, the statutorily required findings that the district court didn't make. I think it needs to go back so that the district court can make the findings. Thank you. Thanks. Thank you very much. Counsel are excused. This time, you guys are in the lead where you're staying at. You're like a bad penny. We can't get rid of you. No, that's not. Yeah. I don't mean a bad penny. I thought they did very well. I don't mean a bad penny. I thought they did very well as well.